William B. Groat, J.
The Court of Appeals in this action decided that the plaintiffs, Madden, Liddy, Polachek, Sohnen and Friedman, ‘1 unjustly expelled by action of the union membership, may recover from Local 88 whatever damages they may have sustained ” and that the plaintiff Dipietrantonio, though not entitled to damages from the local, 1 ‘ wronged, not by any act of the membership, but by Atkins personally,” may recover from the latter any pecuniary loss suffered. Accordingly, the judgment of the Appellate Division was modified insofar as it failed to grant damages to the plaintiffs and the matter was remitted to Special Term for the assessment of such damages. (Madden v. Atkins, 4 N Y 2d 283, 297, modfg. 4 A D 2d 1, modfg. 1 Misc 2d 7.)
In the companion motion by the plaintiffs, decided simultaneously herewith, this court has modified the judgment herein in accordance with the views of the Court of Appeals and remitted the matter to Special Term, Part III, for an assessment of damages.
By a separate application made in this action, however, the plaintiffs have petitioned this court, pursuant to section 56 of the Membership Corporations Law, to direct the setting aside for retention, to satisfy plaintiffs’ claims for damages as aforesaid, of the sum of $300,000. This application is opposed on the grounds, among others, that it is premature and was not initiated by an order to show cause.
While it is true, as claimed by the plaintiffs, that at the convention of the corporation held in July, 1958 the delegates thereto voted to dissolve the corporation and to transfer its assets to an unincorporated membership association created by the convention at the same time, the statute pursuant to which this application has been made expressly provides that it may be entertained “In the case of a membership corporation dissolved pursuant to this article or by the expiration of its corporate existence * * * upon notice to such surviving directors as are not petitioners, and notice to such other interested persons as the court may specify, to be given personally or otherwise, as it may direct”. (Emphasis supplied.) The membership corporation involved herein has neither been ‘ ‘ dissolved pursuant ” to article VIII of the Membership Corporations Law nor ‘1 by the expiration of its corporate existence. ’ ’ *815 Under these circumstances, an application, pursuant to section 56 of that law, is premature. Compare, Matter of Italian Benevolent Institute (127 N. Y. S. 2d 396) wherein Mr. Justice Rabin, now an Associate Justice of the Appellate Division, First Department, noted at page 398: ‘ ‘ The petitioner * * * as indicated by certificate of the Secretary of State of New York, has been duly dissolved; accordingly, petitioner is entitled thus to petition for the relief prescribed by § 56(5) of the Membership Corporation Law. ’ ’
Moreover, it is clear from the language of the introductory portion of section 56 of the Membership Corporations Law that an order to show cause was contemplated for the commencement of the special proceeding thereunder since it is there provided that notice be given “ to such other interested persons as the court may specify, to be given personally or otherwise, as it may direct ”, such notice to be given in addition to notice “ to such surviving directors as are not petitioners.” The instant application, however, was initiated, as already noted, solely by a notice of motion in the action which resulted in the foregoing decision by the Court of Appeals.
Under these circumstances, the court is constrained to deny this application, without prejudice to renewal strictly in accordance with the provisions of section 56 of the Membership Corporations Law.
Submit order.
(Motion to modify judgment.)
Motion by the plaintiffs to modify the judgment herein to conform with the decision of the Court of Appeals (Madden v. Atkins, 4 N Y 2d 283), and set the matter down for trial in Special Term, Part III for an assessment of damages in accordance with the opinion of that court.
The defendants oppose the motion only to the extent that they claim that the order modifying the judgment should provide that the plaintiffs recover no damages against the defendant National Organization Masters, Mates and Pilots of America, Inc., and that the case should be set down on the ready calendar for the beginning of the December 1958 Term to afford the defendants sufficient time to prepare for the trial.
The plaintiffs concede in their reply affidavit that by reason of the opinion of the Court of Appeals (see 4 N Y 2d 283, 297), no damages may be assessed against the national union, and the order to be entered should so provide. They insist, however, upon an early trial, contending that the defendants do not need the time they seek in order to prepare for trial.
*816 The motion is granted to the extent of modifying the judgment as prayed for, except that it shall be provided that no damages may be assessed against the national union. The case will be added to the Beady Calendar of Special Term, Part III, for November 3, 1958, upon payment of the statutory fees, unless already paid. Proceed on one day’s notice.